# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:10-CV-00133-JHM**

**WILLIE E. MANN, BRENDA MANN,**                                   **PLAINTIFFS**
**and JIMMIE MORAN,**

**v.**

**MARK REEDER and**                                                            **DEFENDANTS**
**HUMANA INSURANCE COMPANY, INC.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to remand [DN 7] by Plaintiffs and a motion to dismiss by Defendants [DN 6].

## I. BACKGROUND FACTS

This case arises out of a dispute over a Medicare health insurance policy issued to Plaintiffs by Humana Insurance Company ("Humana"). In October of 2008, Plaintiffs enrolled in a Medicare Advantage Private Fee-for-Service Plan administered by Humana. The policy was sold by Mark Reeder, a Humana agent. The policy initially provided for no monthly premiums, however, Plaintiffs allege that Reeder guaranteed them the premiums would not increase to more than $3 a month. On October 16, 2008, Humana notified Plaintiffs that the premiums had increased to $50 a month. Following the premium increase, Plaintiffs requested cancellation of their policy. Federal law provides for a limited disenrollment window for an insured who wishes to cancel their Medicare coverage. Because the Plaintiffs attempted to cancel outside the allowable time limit, Humana denied their request and this action resulted.

## II. DISCUSSION

Plaintiffs initiated this action in state court alleging fraud and breach of contract after the

premiums in Plaintiffs' Medicare Advantage Plan increased beyond what had been allegedly guaranteed, and requests to disenroll from the plan were denied. Defendants removed the case to this Court and Plaintiffs responded with a motion to remand pursuant to 28 U.S.C. § 1447(c). Plaintiffs argue that the case should be remanded because the Court lacks jurisdiction over the matter. Defendants claim jurisdiction is proper because they acted at the direction of a federal officer in issuing the Medicare coverage. Defendants also filed a motion to dismiss Plaintiffs' claims because Plaintiffs failed to first exhaust their administrative remedies, the allegations are preempted by federal law, Plaintiffs failed to comply with federal law, Plaintiffs failed to plead fraud with particularity, and Defendants are immune from liability. Defendants responded by claiming that the motion to dismiss should be denied because the Court lacks jurisdiction to decide the matter. The Court will discuss each issue in turn.

**A. Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Although a defendant is not required to remove an action to federal court, it has the right to do so . . . as long as subject matter jurisdiction exists and the defendant has complied with the procedural requirements for removal." Gover v. Speedway Super Am., LLC, 254 F. Supp. 2d 695, 699 (S.D. Ohio 2002). Therefore, the party seeking to remove the case to federal court bears the burden of establishing the existence of federal subject matter jurisdiction. Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453-54 (6th Cir. 1996). "The district court has 'wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed

2

jurisdictional facts.'" Id. (Quoting Ohio Nat. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Humana claims this Court has subject matter jurisdiction over the dispute pursuant to the Federal Officer Removal Statute. 28 U.S.C. § 1442(a)(1) provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Humana is not a federal officer or agency. The Sixth Circuit has articulated a three-pronged test to determine if Humana is entitled to removal under 1442(a)(1):

> First, [Humana] must establish that it is a 'person' within the meaning of the statute who 'acted under a federal officer.' Second, [Humana] must demonstrate that it performed the actions for which it is being sued 'under color of federal office.' Third, [Humana] must show that it raised a colorable federal defense.

Bennett v. MIS Corp., 607 F.3d 1076, 1085 (6th Cir. 2010) (citations omitted) (quoting 28 U.S.C. § 1442(a)(1)).

It is undisputed that Humana is a "person" within the meaning of the statute. Although the test treats the "acted under a federal officer" element as distinct from the "under color of federal office" element, "the questions 'tend to collapse into a single requirement: that the acts that form the basis for the state civil or criminal suit were performed pursuant to an officer's direct orders or

3

to comprehensive and detailed regulations.'" Reg'l Med. Transp, Inc. v. Highmark, Inc., 541 F. Supp. 2d 718, 724 (E.D. Pa. 2008) (citation omitted) (quoting In re Methyl Tertiary Butyl Ether (""MTBE"), 488 F.3d 112, 124 (2nd Cir. 2007)).  However, "the help or assistance necessary to bring a private person within the scope of the statute does not include simply complying with the law." Watson v. Philip Morris Cos. Inc., 551 U.S. 142, 151 (2007). The Supreme Court explained:

> The relevant relationship is that of a private person 'acting under' a federal 'officer' or 'agency.' . . . That relationship typically involves 'subjection, guidance, or control.' In addition, precedent and statutory purpose make clear that the private person's 'acting under' must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior.

Id. at 151-52 (citations omitted).

Thus, the inquiry is whether Humana was "doing more than merely acting under the 'general auspices' of a federal officer or in regulated industry." Lombardi v. TriWest Healthcare Alliance Corp., 2009 WL 1212170, at *2 (D. Ariz. May 4, 2009) (citing Watson, 551 U.S. at 125). In other words, the "determination depends on 'the level of official control, and perhaps more to the point, whether the defendant acted sufficiently under the direction of a federal officer in the performance of the acts that form the basis of the suit.'" Joseph v. Fluor Corp., 513 F. Supp. 2d 664, 672 (E.D. La. 2007) (quoting Guillory v. Ree's Contract Serv., Inc., 872 F. Supp. 344, 346 (S.D. Miss. 1994). See Lombardi, 2009 WL 1212170 at *2 (to satisfy the first and second element of 1442(a)(1), defendant "must show that the actions for which they are now being sued were taken under direct and detailed federal control"). In light of the Supreme Court holding that "[t]he words 'acting under' are broad" and 1442(a)(1) "must be 'liberally construed[,]'" the Court finds that Defendants, as a provider of the Medicare Advantage Plan, provided assistance to a federal officer beyond mere compliance with the law. Watson, 551 U.S. at 147 (citing Colorado v. Symes, 286 U.S. 510, 517

4

(1932)). See City of Cookeville v. Upper Cumberland Elec. M'ship Corp., 484 F.3d 380, 389 (6th Cir. 2007) (Federal Officer Removal Statute is "broad and allows for removal when its elements are met regardless of whether the suit could originally have been filed in federal court").

The Medicare Act, 42 U.S.C. §§ 1395-1395iii, is a federally subsidized health insurance program for elderly and disabled persons. The Act is administered by the Secretary of the Department of Health and Human Services, through the Center for Medicare and Medicaid Services ("CMS"). Medicare Part A provides benefits for inpatient services to eligible individuals. Medicare Part B provides benefits for outpatient services. In 1997, as a part of the Balanced Budget Act of 1997, Congress enacted changes to Medicare, partly to cut costs and partly to provide Medicare recipients with a greater variety of health care choices. These changes included the enactment of Part C which allows Medicare beneficiaries to opt out of traditional coverage under Medicare Parts A and B. These new plans, now known as Medicare Advantage Plans are simply optional Medicare health plan choices which are offered by private companies, like Humana. Although a beneficiary electing to be covered by a Medicare Advantage Plan may choose coverage beyond that provided in Parts A and B, it is not considered supplemental because a Medical Advantage Plan covers all of the services that Original Medicare covers.

In order to accomplish the legislative goals, it was necessary for CMS to contract with private companies to provide the new health plan choices under the new provisions of Medicare Part C. The government pays private companies like Humana to provide these new health plan choices. As part of the contract and pursuant to federal law, these Medicare Advantage plans are regulated, monitored, and directly controlled by CMS, including the disenrollment procedures and premium adjustments. See 42 C.F.R. §§ 422.62-422.74.

The relationship between Humana and CMS is analogous to that in Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387 (5th Cir. 1998) where the defendant contracted with the government to produce a specific type of herbicide. The contract at issue in Winters required particular ingredients to be used in production of the herbicide and specified details for packaging, labeling, and shipping. Id. at 398-400. The court found removal proper pursuant to 1442(a)(1) because the government was involved with "ongoing supervision" and exercised "direct control . . . over the composition and production of [the herbicide]." Id.[1] Likewise, in the case at hand, Humana is subject to similar government supervision and control in issuing the Medicare Advantage Plan.

The claims asserted here against the Defendants are due to their actions as a Medicare Advantage Plan provider. Accordingly, Defendants have met their burden in establishing the first and second elements of the Federal Officer Removal Statute.

Finally, Defendants must show that they have raised a colorable federal defense. Mesa v. California, 489 U.S. 121, 129 (1989). "In construing the colorable federal defense requirement, the Supreme Court has rejected a 'narrow, grudging interpretation' of the statute, recognizing that 'one

---

[1] Many courts have concluded the same based on similar facts. See Bennett v. MIS Corp., 607 F.3d 1076, 1088 (6th Cir. 2010) (federal jurisdiction proper where "contractual relationship between [defendant] and the FAA was an unusually close one, involving detailed regulation, monitoring, and supervision.") (internal quotation omitted); City of St. Louis v. Velsicol Chem. Corp., 708 F. Supp. 2d 632, 661-62 (E.D. Mich. 2010) (requisite causal connection existed because defendant acted under the directive of the Environmental Protection Agency and were subject to the EPA's "direct and detailed" control); Lombardi, 2009 WL 1212170 at *2 (D. Ariz. May 4, 2009) (1442(a)(1) jurisdiction proper because "[i]n administering [federal military health benefits], defendants do more than operate in a regulated industry; defendants derive their authority from a detailed system of federal regulations. . . . As a regional administrator of the program, defendants are closely aligned with the government."); Reg'l Med. Transp., 541 F. Supp. 2d at 724 (1442(a)(1) jurisdiction proper "[i]n light of defendants' role in administering the Medicare program and the complexity of the federal regulations under which they operated."); Grp. Health Inc. v. Blue Cross Ass'n, 587 F. Supp. 887, 891 (S.D.N.Y. 1984) (court finding 1442(a)(1) federal jurisdiction proper because "[m]edicare fiscal intermediaries act as agents at the sole direction of the Secretary of HHS") (internal quotation omitted).

of the most important reasons for removal is to have the validity of the [federal defense] tried in a federal court.'" Reg'l Med. Transp., 541 F. Supp. 2d at 725 (quoting Jefferson County v. Acker, 527 U.S. 423, 431 (1999)). The ultimate success of the federal defense is irrelevant because it is not required for a defendant "to win his case before he can have it removed." Acker, 527 U.S. at 431. Thus, the defendant need only show that it appears that a federal defense is plausible to satisfy the colorable defense requirement. See Reg'l Med. Transp., 541 F. Supp. 2d at 725 ("The bar for demonstrating a colorable defense is lower than for establishing that a defense warrants dismissal, because the defendant is not required win his case before he can have it removed.") (internal quotation omitted).

Defendants have asserted four defenses arising under federal law: (1) Plaintiffs failed to comply with federal law in their attempt to disenroll; (2) Plaintiffs' state law claims are preempted by federal statute; (3) Plaintiffs failed to exhaust the administrative remedies required by federal law; and (4) federal immunity. These defenses are plausible and therefore satisfy the "colorable defense" requirement.

Accordingly, removal is appropriate and Plaintiffs' Motion to Remand is denied.

**B. Motion to Dismiss**

In response to Defendants' Motion to Dismiss, Plaintiffs failed to address the legal arguments presented. Plaintiffs instead relied on the argument that the Motion to Dismiss should be denied because the case should be remanded. Having denied the Motion to Remand, the Court will allow Plaintiffs an opportunity to file a substantive response to the legal issues presented in Defendants' Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiffs shall file a response to Defendants' Motion to Dismiss by December 28, 2010. Defendants' reply shall be governed by local rules.

*Joseph H. McKinley, Jr., Judge*
*United States District Court*

December 20, 2010

cc. Counsel of Record